## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| KATHY MUMPOWER, on behalf of herself and others similarly situated, | **Civil Action No.:** |
| Plaintiff, | **COMPLAINT--CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| ENHANCED RECOVERY COMPANY, LLC d/b/a ERC, | |
| Defendant. | |

### Nature of Action

1.      This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., for the benefit of Florida and North Carolina consumers who have been the subject of debt collection efforts by Enhanced Recovery Company, LLC d/b/a ERC ("Defendant").

2.      Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.      As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a

significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4.    Over one-third of the debt collection complaints received by the CFPB involve debt collectors' attempts to collect debts that consumers did not owe.[2]

5.    To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights with respect to those debts. 15 U.S.C. § 1692g(a).

6.    A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

7.    As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

8.    Indeed, the aim of § 1692g is to provide a period for the recipient of a collection letter to understand and consider her options.

---

[1]    *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last accessed January 4, 2019).

[2]    *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2018* at 15 (2018), https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2018/ (last accessed January 4, 2019).

9. A debt collector does not comply with section 1692g "merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor." *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

10. To be effective, the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998) ("A debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights.").

11. This case centers on Defendant's failure to effectively provide the disclosures required by 15 U.S.C. § 1692g in its initial written communications to consumers, or within five days thereafter.

**Parties**

12. Kathy Mumpower ("Plaintiff") is a natural person who at all relevant times resided in Union County, North Carolina.

13. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

14. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a Target credit card (the "Debt").

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16. Defendant is a limited liability partnership with its principal office in Duval County, Florida.

17.     Defendant "is an international business process BPO (BPO) and full service, end-to-end provider for every aspect of the customer lifecycle, including debt collection."[3]

18.     Defendant is "contracted by creditors and debt purchasers for [its] services and maintain necessary business and collection agency licenses." *Id.*

19.     Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

20.     Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

21.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

22.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**Jurisdiction and Venue**

23.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

24.     Venue is proper before this Court under 28 U.S.C. § 1391(b) as Defendant has its principal place of business in this district.

**Factual Allegations**

25.     On or about June 17, 2019, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.

---

[3]     *See* http://www.ercbpo.com/help/who-is-erc/ (last accessed August 1, 2019).

26.     A true and correct copy of the June 17, 2019 communication to Plaintiff is attached as Exhibit A.

27.     This June 17, 2019 communication to Plaintiff was the first communication Plaintiff received from Defendant.

28.     Plaintiff did not receive any other communication from Defendant within five days of the June 17, 2019 communication.

29.     The June 17, 2019 communication, on the upper right-hand side, disclosed to Plaintiff that the balance of the Debt was $1,436.34. *Id*.

30.     The June 17, 2019 communication then advised Plaintiff that the Debt had been placed with Defendant for collection efforts. *Id*.

31.     Relevant here, the June 17, 2019 communication then advised Plaintiff: "To get your account out of delinquency and put it in good standing you must pay $83.00. Your payment must be received by 07/11/2019 to prevent this account from entering the next stage of delinquency." *Id*.

32.     The June 17, 2019 communication then contained the following disclosures:

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days of receipt of this notice, the debt will be assumed to be valid by us.

If you notify our office below in writing within the thirty-day period that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you. We will mail verification or [sic] copy of the judgment to you.

Upon your written request to this office within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor listed in the above section of this notice.

*Id*.

33.     At the very bottom of the front page of the June 17, 2019 communication—after a very large blank space and Defendant's contact information and office hours—, Defendant

stated: "This is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose. Nothing in this letter overrides, withdraws or overshadows your right to dispute the debt." *Id*.

### Class Action Allegations

34.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with a Florida or North Carolina address, (b) to whom Enhanced Recovery Company, LLC d/b/a ERC mailed an initial debt collection communication not returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint, (e) that included an amount to get the person's debt out of delinquency that was required to be paid within 30 days of the date of the initial debt collection communication.

35.     Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

36.     The class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

37.     The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

38.     The class is ascertainable because it is defined by reference to objective criteria.

39.     In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

40.     The class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

41.     To be sure, Plaintiff's claims and those of the members of the class originate from the same standardized initial debt collection letter utilized by Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the class.

42.     Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

43.     Plaintiff has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

44.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

45.     Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the class to individually redress the wrongs done to them.

46.     There will be no unusual difficulty in the management of this action as a class action.

47.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

48.     Among the issues of law and fact common to the class are:

a.   Defendant's violations of the FDCPA as alleged herein;

b.   whether Defendant is a debt collector as defined by the FDCPA;

   c.  whether Defendant's demand for payment in a time that is less than 30 days from Plaintiff's receipt of the letter violates 15 U.S.C. § 1692g(b);

   d.  the availability of statutory penalties; and

   e.  the availability of attorneys' fees and costs.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b)**

49.    Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 48 above.

50.    The FDCPA at 15 U.S.C. § 1692g(a) provides:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

51.    The FDCPA at 15 U.S.C. § 1692g(b) provides:

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or

judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. *Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.*

(emphasis added).

52.     The manner in which Defendant conveyed the validation notice required by 15 U.S.C. § 1692g(a) was ineffective, as it was inconsistent with, and overshadowed and contradicted, the statutory notice.

53.     In the alternative, Defendant, through its communication, failed to explain an apparent, though not actual, contradiction that its letter creates regarding statutorily-mandated disclosures that Defendant was required to provide to Plaintiff

54.     Specifically, while Defendant included the validation notice required by 15 U.S.C. § 1692g(a) with the appropriate thirty-day time period for disputing the debt or requesting creditor information in the June 17, 2019 letter, in that same communication, Defendant demanded payment of $83.00 from Plaintiff by July 11, 2019—a time period less than 30 days from Plaintiff's receipt of the June 17, 2019 letter. *See* Ex. A.

55.     This demand was buttressed by Defendant's assertion that payment by that date was required to prevent the Debt from entering the next stage of delinquency. *Id.*

56.     As a result, the least sophisticated consumer, upon receiving Defendant's June 17, 2019 letter, would be confused as to whether she (a) had the full thirty-day period from her receipt of the letter to invoke her validation rights, or (b) needed to pay $83.00 by July 11,

2019—24 days from the date of the letter—in order to stop the Debt from going into the next stage of delinquency.

57.     While Defendant's June 17, 2019 letter states at the very bottom of the page that "[n]othing in this letter overrides, withdraws or overshadows your right to dispute the debt," the location and content of such language does not effectively inform the least sophisticated consumer that although Defendant demanded payment of $83.00 be made prior to the expiration of the validation period, Plaintiff still had the right to invoke her validation rights throughout the entirety of the third-day validation period.

58.     As a result, Defendant violated 15 U.S.C. § 1692g(b). *See, e.g., McCray v. Deitsch and Wright P.C.*, 356 F. Supp. 3d 1358 (M.D. Fla. 2019).

59.     The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to effectively provide her statutorily-mandated disclosures to which she was entitled.

60.     "Section 1692g furthers th[e] purpose [of protecting debtors from abusive debt collection activity] by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it." *Papetti v. Does 1-25*, 691 F. App'x 24, 26 (2d Cir. 2017).

61.     And the content of Defendant's June 17, 2019 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

62.     Specifically, when a consumer is informed on the one hand that if she does not pay money in less than 30 days in order to avoid her debt going further into her delinquency, but,

also that she can contest the debt or request creditor information within 30 days, she is left unsure as to the time period with which she must comply.

63.     And here, Plaintiff was confused as to whether she had thirty days to invoke her validation rights, in light of the language in the letter requiring a payment of $83.00 by July 11, 2019 in order to prevent the debt from going into the next stage of delinquency.

64.     In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of that right creates the risk of real harm. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

**Count II: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e**

65.     Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 48 above.

66.     The FDCPA at 15 U.S.C. § 1692e provides "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

67.     While Defendant included the validation notice required by 15 U.S.C. § 1692g(a) with the appropriate thirty-day time period for disputing the debt or requesting creditor information in the June 17, 2019 letter, in the body of that same communication, Defendant demanded payment of $83.00 from Plaintiff by July 11, 2019—a time period less than 30 days from Plaintiff's receipt of the June 17, 2019 letter. *See* Ex. A.

68.     This demand was buttressed by Defendant's assertion that payment by was required to prevent the Debt from entering the next stage of delinquency. *Id.*

69.     The demand for payment of $83.00 by July 11, 2019 was deceptive and misleading given that the payment requirement made it unlikely the least sophisticated consumer would understand that she could still invoke her validation rights after that deadline.

70.     While Defendant's June 17, 2019 letter states at the very bottom of the page that "[n]othing in this letter overrides, withdraws or overshadows your right to dispute the debt," the location and content of such language does not effectively inform the least sophisticated consumer that although Defendant demanded payment of $83.00 be made prior to the expiration of the validation period, Plaintiff still has the right to invoke her validation rights throughout the entirety of the third-day validation period.

71.     As a result, Defendant violated 15 U.S.C. § 1692e.

72.     The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to effectively provide her statutorily-mandated disclosures to which she was entitled.

73.     Moreover, Defendant's violation of the right not to be the target of misleading debt collection communications constitutes a cognizable injury under for Article III standing.

74.     And the content of Defendant's February 6, 2018 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

75.     Specifically, when a consumer is informed on the one hand that if she does not pay money in less than 30 days in order to avoid her debt going further into her delinquency, but, also that she can contest the debt or request creditor information within 30 days, she is left unsure as to the time period with which she must comply.

76.     And here, Plaintiff was confused as to whether she had thirty days to invoke her validation rights, in light of the language in the letter requiring a payment of $83.00 by July 11, 2019 in order to prevent the debt from going into the next stage of delinquency.

77.     In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of that right creates the risk of real harm. *See Church*, 654 F. App'x at 995.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A.  Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.  Adjudging and declaring that Defendant violated 15 U.S.C. § 1692g(b) and 15 U.S.C. § 1692e;

C.  Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Awarding members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E.  Enjoining Defendant from future violations of 15 U.S.C. § 1692g(b) and 15 U.S.C. § 1692e with respect to Plaintiff and the class;

F.  Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G.  Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H.  Awarding other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff is entitled to, and hereby demands, a trial by jury.


Dated:  August 7, 2019                           Respectfully submitted,


                                                 /s/ *James L. Davidson*
                                                 James L. Davidson
                                                 Florida Bar No. 723371
                                                 Jesse S. Johnson
                                                 Florida Bar No. 69154
                                                 Greenwald Davidson Radbil PLLC
                                                 7601 N. Federal Highway, Suite A-230
                                                 Boca Raton, FL 33487
                                                 Tel: (561) 826-5477
                                                 Fax: (561) 961-5684
                                                 jdavidson@gdrlawfirm.com
                                                 jjohnson@gdrlawfirm.com

                                                 *Counsel for Plaintiff and the proposed class*